### SOUTHERN RY. CO. v. AMERICAN BRAKE CO. et al.

(Circuit Court of Appeals, Fourth Circuit. November 10, 1896.)

1. RAILROADS—RECEIVERS—CLAIMS FOR SUPPLIES.
   Railroad receivers coming into possession of earnings of the road should pay therefrom all debts for supplies contracted within a reasonable time prior to the receivership, before spending any part thereof in betterment of property or payment of interest on mortgage debts.

2. SAME—DIVERSION—INTEREST.
   In case of the diversion of the earnings to such purposes, the supply creditors have priority of mortgage creditors in the distribution of the proceeds of sale of the mortgaged property.
   Morris, District Judge, dissenting from the allowance of interest in this case.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia.

This was a bill for foreclosure of mortgage by the Central Trust Company against the Richmond & Danville Railroad Company. The American Brake Company, a creditor of the railroad company, intervened, claiming priority over the mortgage debts. From a decree in favor of the intervener, this appeal was taken.

Willis B. Smith and Henry Crawford, for appellant.
Wyndham R. Meredith, for appellees.

Before SIMONTON, Circuit Judge, and HUGHES and MORRIS, District Judges.

SIMONTON, Circuit Judge. This case comes up on appeal from a decree of the circuit court of the United States for the Eastern district of Virginia.

The Richmond & Danville Railroad Company was put into the hands of receivers, under an order of that court in a suit of Clyde and others. The receivers took possession on June 17, 1892. The receivers came into possession of a large sum from earnings, which was expended in part in operating expenses, and in extinguishment of past-due claims on the corporation, and the surplus was used in betterments on the property, purchase of new equipment, and payment of interest on the mortgage debt. On the 17th day of July, 1893, a bill was filed by Central Trust Company, a mortgagee, praying foreclosure of its mortgage, and receivers were appointed under that proceeding, to whom the other receivers surrendered the property and a large cash balance in their hands. Both of these bills had the same purpose. The first was filed to enable the stockholders and lien creditors to prepare and perfect a satisfactory plan of reorganization, undisturbed by action on the part of creditors. The second bill was filed to carry such a plan into effect.

The American Brake Company is a creditor of the Richmond & Danville Railroad Company, and intervened in these suits. The agreed facts as to the claim are as follows: The claim of the American Brake Company is for $1,846.92, evidenced by a negotiable note dated March 23, 1892, payable four months after date. It is for materials and supplies furnished to the Richmond & Danville Railroad to put and keep its rolling stock in a safe condition for the transportation of persons and property. It was all shipped from St. Louis, Mo. The first shipment, amounting to $245, was delivered to a common carrier, at St. Louis, on November 4, 1891. It was delivered to the officers of the Richmond & Danville Railroad, November 20, 1891. The remaining three shipments, amounting to $1,549, were delivered to a common carrier, at St. Louis, Mo., December 10th–12th, for shipment. They were received by the Richmond & Danville Railroad on December 23d, 24th, and 28th, respectively. None of these goods were sold for cash, but a reasonable credit was granted by the brake company for all brakes supplied to the Richmond & Danville Railroad; and after the same had been duly received and inspected and accepted, and vouchers therefor approved by the various financial officers to whom, in due course of accounting, such vouchers might be transmitted, the claim became due and payable. On the 15th day of March, 1892, the said Richmond & Danville Railroad notified said brake company that vouchers in the aggregate sum of $1,794 had been made and approved, on account of said brakes supplied as aforesaid, in favor of said brake company. On March 23, 1892, the said railroad company gave the above-described business paper, evidencing said indebtedness, together with $52.92, interest thereon. On the 28th day of October, 1892, the American Brake Company filed with the special masters a sworn statement of its claim against the property of the said Richmond & Danville Railroad in the said proceedings. The intervener claims a priority to the mortgage debt. The circuit court sustained this claim, because of a diversion of funds applicable to its

claim to the substantial improvement of the property and the payment of interest on the mortgage debt.

In the Case of the Carnegie Steel Company, Limited (decided at this term) 76 Fed. 492, this subject has been discussed. For the reasons given in that case, the decree of the circuit court is affirmed, with costs.

MORRIS, District Judge. I dissent on the question of the allowance of interest on the claim in this case.